UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FCA US LLC, | Case No. 24-cv-4041 (LMP/TNL) |
| Plaintiff, | |
| v. | |
| THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW); and UAW LOCAL 125, | **ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING DECISION FROM THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |
| Defendants. | |

---

This matter is before the Court on Plaintiff FCA US LLC's ("Stellantis") motion to stay these proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") determining whether this case, along with eleven other parallel cases currently pending in as many jurisdictions around the United States, should be consolidated for pre-trial purposes pursuant to 28 U.S.C. § 1407. ECF No. 29; *see also* ECF No. 28; *In re FCA US LLC "Letter 311" Lab. Cont. Litig.*, MDL No. 3142 ["MDL Proceeding"] (J.P.M.L. Dec. 10, 2024), ECF No. 1. The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and UAW Local 125 ("Local 125") (collectively, "Defendants") oppose Stellantis's motion. ECF No. 38. For the reasons

discussed below, the Court grants Stellantis's motion and stays all deadlines in these proceedings pending a decision in the MDL Proceeding.

## BACKGROUND

In 2023, Stellantis and UAW entered a collective bargaining agreement ("CBA") which is set to expire in 2028.  ECF No. 1 ¶ 2.  The CBA includes "Letter 311," which memorialized various conditional promises of future investments by Stellantis.  *Id.* ¶¶ 12–17.  The CBA also prohibits UAW and its local unions, like Local 125, from initiating or authorizing a strike before the CBA's grievance process is exhausted.  *Id.* ¶ 18.  Stellantis alleges that UAW "coordinated [a] bad-faith campaign across the country" to file baseless grievances relating to Letter 311 as a pretext to authorize a strike.  ECF No. 31 at 2; *see* ECF No. 1 ¶ 5.

On October 3, 2024, Stellantis filed suit in the United States District Court for the Central District of California against UAW and UAW Local 230 after it called a strike vote. ECF No. 31 at 2; *see FCA US LLC v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*, No. 5:24-cv-02123 (C.D. Cal. Oct. 3, 2024), ECF No. 1. Stellantis then filed substantively identical suits—including this one—in eleven other states naming UAW and the relevant local UAW unions as defendants,[1] due to its belief

---

[1]  *See* No. 3:24-cv-8187-SMB (D. Ariz. Oct. 4, 2024), ECF No. 1; No. 1:24-cv-12557-IT (D. Mass. Oct. 4, 2024), ECF No. 1; No. 3:24-cv-1698-SB (D. Or. Oct. 4, 2024), ECF No. 1; No. 2:24-cv-12632-GAD-DRG (E.D. Mich. Oct. 4, 2024), ECF No. 1; No. 1:24-cv-9574 (N.D. Ill. Oct. 4, 2024), ECF No. 1; No. 3:24-cv-1728-JJH (N.D. Ohio Oct. 4, 2024), ECF No. 1; No. 3:24-cv-2506-D (N.D. Tex. Oct. 4, 2024), ECF No. 1; No. 1:24-cv-1755-JPH-TAB (S.D. Ind. Oct. 4, 2024), ECF No. 1; No. 1:24-cv-2782-PAB (D. Colo. Oct. 8, 2024), ECF No. 1; No. 1:24-cv-4562-TWT (N.D. Ga. Oct. 8, 2024), ECF No. 1.

that the local unions would imminently call strike votes as the unions' grievances "advanced to the strikable stage." ECF No. 31 at 3.

The parties agree that the cases should be consolidated, but they disagree as to where the cases should be transferred. On December 2, 2024, Defendants filed a motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). ECF No. 22. Stellantis then initiated the MDL Proceeding on December 11, 2024, seeking to consolidate and transfer the cases to the Eastern District of Michigan pursuant to 28 U.S.C. § 1407. ECF No. 28. Stellantis now moves this Court to stay all deadlines and proceedings in this case until the MDL Proceeding is resolved.[2] ECF No. 31 at 5. Defendants oppose Stellantis's motion and urge the Court instead to resolve its motion to transfer venue. ECF No. 38 at 2–3.

## ANALYSIS

The Court has broad discretion to stay proceedings when appropriate "to control its docket, to conserve judicial resources, and to ensure that each matter is handled with economy of time and effort for itself, for counsel, and for litigants." *Taqueria El Primo LLC v. Ill. Farmers Ins. Co.*, 705 F. Supp. 3d 918, 924 (D. Minn. 2023) (internal quotation marks omitted) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). In

---

[2] Stellantis and UAW have filed substantively identical motions in each of the parallel cases, with two exceptions. First, UAW has not filed a motion to transfer venue in the Central District of California case, since it seeks transfer of the other cases to that district based on the first-to-file rule. *See* ECF No. 38 at 6. Second, Stellantis has not sought a stay of *all* proceedings in the Eastern District of Michigan, but instead has sought only a stay of the briefing deadlines for UAW's motion to transfer venue in that case. *See* No. 2:24-cv-12632-GAD-DRG (E.D. Mich. Dec. 11, 2024), ECF No. 22.

deciding whether to stay proceedings pending a decision from the JPML, the Court considers: "(1) the potential prejudice to the nonmoving party; (2) the potential hardship and inequity to the moving party if the case is not stayed; and (3) the potential stay's impact on judicial resources." *Anderson v. Forta LLC*, No. 23-cv-533 (SRN/DTS), 2024 WL 195648, at *2 (D. Minn. Jan. 18, 2024) (citation omitted). Stellantis, as the party requesting a stay, has the burden of demonstrating that a stay is appropriate. *Silverado Park Ass'n v. Country Mut. Ins. Co.*, No. 23-cv-3687 (KMM/DLM), 2024 WL 3565792, at *6 (D. Minn. July 29, 2024) (citation omitted).

"When civil actions involving one or more common questions of fact are pending in different districts, multidistrict litigation is meant to coordinate or consolidate pretrial proceedings for the convenience of parties and witnesses, and to promote the just and efficient conduct of such actions." *Anderson*, 2024 WL 195648, at *2 (citing 28 U.S.C. § 1407(a)). Such coordination may be necessary to "avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Kellogg v. Watts Guerra, LLP*, No. 18-cv-1082 (DWF/BRT), 2018 WL 3432048, at *1 (D. Minn. July 16, 2018) (quoting *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005)). As a result, district courts "frequently grant stays pending the JPML's determination whether to consolidate and transfer cases." *Anderson*, 2024 WL 195648, at *2 (quoting *Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022)); *see also, e.g.*, *Lessard v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-0754 (WMW/TNL), 2016 WL 3004631, at *1 (D. Minn. May 24, 2016) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997)) ("To conserve judicial resources, 'it is often appropriate to

4

stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML].'").

As to the first stay factor—potential prejudice to Defendants—Stellantis asserts that a stay would cause only "minimal delay[]," and that any resulting prejudice to Defendants is outweighed by considerations of judicial economy. ECF No. 31 at 7–8. Defendants assert that there is "no reason" for a stay pending the JPML's decision because their motion to transfer venue is fully briefed and ready for disposition, and that a ruling from this Court on that motion could assist the JPML with resolving Stellantis's motion to consolidate. ECF No. 38 at 14–15, 18–20. Insofar as Defendants assert that a delay in resolving that motion is prejudicial in itself, the Court agrees with Stellantis because "even if a temporary stay could be characterized as a delay that would be prejudicial to Defendant[s], there are still considerations of judicial economy that outweigh any prejudice to Defendant[s]." *Rivers*, 980 F. Supp. at 1362 n.5 (citation omitted). For example, a temporary stay now prevents the possibility that this Court and the parties could expend resources resolving Defendants' motion to transfer venue, only for the JPML to decide later to transfer this case to another court. *See Kellogg*, 2018 WL 3432048, at *2. Further, and importantly, the Court notes that the parties have already agreed to stay all deadlines in this case pending resolution of the instant motion and Defendants' motion to transfer venue.[3] ECF No. 46;

---

[3]   The Court also notes that five of the courts considering Stellantis's motions to stay pending the JPML's decision have already entered stay orders as of the date of this Order. *See* No. 3:24-cv-01728-JJH (N.D. Ohio Dec. 11, 2024), ECF No. 20; No. 1:24-cv-04562-TWT (N.D. Ga. Dec. 13, 2024), ECF No. 33; No. 1:24-cv-09574 (N.D. Ill. Dec. 13, 2024),

ECF No. 49.  Extending that stay allows time for the JMPL to issue its decision, and in the event the JMPL decides not to consolidate the cases, the Court and the parties will be poised to move swiftly on Defendants' motion to transfer venue because it is fully briefed, which minimizes any prejudice to Defendants.  *See* ECF No. 38 at 15.  The first factor weighs in favor of a stay.

Turning to the second factor—hardship or inequity to Stellantis if a stay is not issued—Stellantis contends that "this Court's hearing of Defendants' motion to transfer would subject Stellantis to unnecessary proceedings."  ECF No. 31 at 10.  In response, Defendants largely describe what they characterize as inconsistent arguments by Stellantis in one of the parallel cases.  *See* ECF No. 38 at 21–22.  The Court struggles to find the relevance of Stellantis's representations to another court, made under different circumstances,[4] to the issues before this Court.[5]  That aside, the Court notes that Defendants requested oral argument for their motion to transfer venue, ECF No. 22 at 1—precisely the type of proceeding that could be rendered "unnecessary" if the JPML decides to consolidate

---

ECF No. 36; No. 1:24-cv-01775-JPH-TAB (S.D. Ind. Jan. 21, 2025), ECF No. 41; No. 3:24-cv-02506-D (N.D. Tex. Jan. 23, 2025), ECF No. 41.

[4]     In the Eastern District of Michigan case, Stellantis argues that there is an "urgent need" for the proceedings to continue because "[t]he local unions in Michigan are the only locals who have not withdrawn their grievances," which creates an "imminent risk of impermissible work stoppages by January or February 2025."  No. 2:24-cv-12632-GAD-DRG (E.D. Mich. Dec. 11, 2024), ECF No. 22 at 9.  This factual situation is not present here.

[5]     Defendants' argument sounds in judicial estoppel, but that doctrine does not apply here because, at minimum, Defendants do not assert that Stellantis "has succeeded in persuading a court to accept" a position that "is clearly inconsistent with its earlier position."  *Fair Isaac Corp. v. Fed. Ins. Co.*, 729 F. Supp. 3d 884, 894 (D. Minn. 2024) (quoting *Gray v. City of Valley Park*, 567 F.3d 976, 981–82 (8th Cir. 2009)).

6

the cases. *Cf. Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821–22 (D. Minn. 2016) (entering a stay where a pending decision by an appellate court could have "rendered moot" discovery that "remain[ed] to be completed"). The second factor also weighs in favor of a stay.

Finally, the third factor—the potential impact on judicial resources—weighs in favor of a stay for the same reasons already discussed, as staying these proceedings prevents the Court from potentially "expend[ing] its resources familiarizing itself with the facts and law of a case that will be heard by another judge." *Lessard*, 2016 WL 3004631, at *2 (citing *Rivers*, 980 F. Supp. at 1360). At the end of the day, whether transferred to the Central District of California or the Eastern District of Michigan, this matter would not be litigated in the District of Minnesota if either party prevails on their transfer motions.

On balance, after considering all the relevant factors, the Court concludes that a stay is appropriate. Accordingly, the Court grants Stellantis's motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Stellantis's Motion to Stay Proceedings Pending Resolution of Motion to Transfer Actions to the Eastern District of Michigan Pursuant to 28 U.S.C. § 1407 (ECF No. 29) is **GRANTED**; and

2. All proceedings and deadlines in this case are **STAYED**, including resolution of UAW's Motion to Transfer Venue (ECF No. 22), pending resolution of Stellantis's Motion to Transfer Actions to the Eastern District of Michigan Pursuant to 28 U.S.C.

§ 1407 for Coordinated or Consolidated Pretrial Proceedings in *In re FCA US LLC "Letter 311" Lab. Cont. Litig.*, MDL No. 3142.

Dated: January 28, 2025                    *s/Laura M. Provinzino*
                                                                    Laura M. Provinzino
                                                                    United States District Judge