**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| FCA US LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW); and UAW Local 125,<br><br>Defendants. | Case No. 24-cv-4041 (LMP/ECW)<br><br><br><br>**ORDER LIFTING STAY AND REQUESTING SUPPLEMENTAL BRIEFING** |

On December 2, 2024, Defendants UAW and UAW Local 125 filed a motion to transfer this case to the United States District Court for the Central District of California under the first-to-file rule or, in the alternative, to dismiss or stay this case pending resolution of the first-filed parallel case between Plaintiff FCA US LLC ("Stellantis") and UAW in that District. ECF No. 22; *see FCA US LLC v. UAW*, No. 5:24-cv-2123-KK-DTB (C.D. Cal. Oct. 3, 2024), ECF No. 1. Stellantis subsequently filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") requesting centralization of this case and eleven other substantively identical cases, including the Central District of California case, in the Eastern District of Michigan for consolidated pretrial proceedings. *In re FCA US LLC "Letter 311" Lab. Cont. Litig.*, MDL No. 3142 (J.P.M.L. Dec. 10, 2024), ECF No. 1. Stellantis also requested a stay of the proceedings in this Court pending a decision

on its centralization motion before the JPML, ECF No. 29, which the Court granted on January 28, 2025, ECF No. 51.

While this case was stayed, two critical developments occurred that have implications on the proceedings in this matter. First, on February 6, 2025, the Central District of California dismissed the first-filed case for lack of ripeness. *See generally FCA US LLC v. UAW*, No. 5:24-cv-2123-KK-DTB (C.D. Cal. Feb. 6, 2025), ECF No. 55. Before that case was dismissed, however, the United States District Court for the District of Massachusetts transferred one of the parallel cases to the Central District of California. *FCA US LLC v. UAW*, No. 1:24-cv-12557-IT (D. Mass. Jan. 28, 2025), ECF No. 30. That case, which was also initiated before this case, is now the only related case of which this Court is aware that remains pending in the Central District of California. *See FCA US LLC v. UAW*, No. 2:25-cv-733-KK-DTB (C.D. Cal. Apr. 8, 2025), ECF No. 57 (setting scheduling conference).

Second, the JPML denied Stellantis's motion to centralize the cases in the Eastern District of Michigan on April 1, 2025. *In re FCA US LLC "Letter 311" Lab. Cont. Litig.*, MDL No. 3142 (J.P.M.L. Apr. 1, 2025), ECF No. 22. More important, in its order denying centralization, the JPML noted concerns that suggest Stellantis may lack standing in this case. Specifically, the JPML observed that:

> Stellantis's requests for declaratory relief based on the unions' "pending grievances," and damages resulting from "any work stoppage," may be moot, or at least premature. The UAW defendants have withdrawn all grievances and have not proceeded with the multi-step process required under the CBA and UAW Constitution before they may strike. Stellantis notes that the grievances were withdrawn without prejudice, but at this point it is a matter

2

of speculation whether any further grievances will be filed and whether any strike will be authorized.

*Id.* at 2.  The JPML's observations are consistent with the Central District of California court's holding dismissing the first-filed case:

> [T]his case is not ripe as [Stellantis] has not alleged an injury-in-fact because a strike by Defendants rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.  [Stellantis] alleges defendant UAW Local 230 held a vote to authorize a strike on October 3, 2024 . . . .  However, the underlying grievances were withdrawn on October 28, 2024.  Since that date, Defendants have not taken any additional steps towards a strike.  Moreover, before Defendants could strike, Defendants would, at least, need to (1) reraise their grievances, (2) have the Regional Director for defendant UAW Local 230 make a recommendation to defendant UAW's President to approve or disapprove a strike, (3) provide notice to [Stellantis's] Manager of Union Relations, and (4) meet with [Stellantis] to discuss resolution on seven separate dates.  Hence, the prospect of some future strike is a hypothetical question, and any allegations about such a strike remain speculative, at best.

*FCA US LLC v. UAW*, No. 5:24-cv-2123-KK-DTB (C.D. Cal. Feb. 6, 2025), ECF No. 55 at 6–7 (internal quotation marks omitted) (internal citations omitted).

In this Court's order staying these proceedings, the Court indicated that the stay would be lifted upon resolution of Stellantis's motion before the JPML.  *See* ECF No. 51 at 7–8.  Because the JPML has rendered its decision denying centralization, that stay is now lifted.

In light of the developments discussed above, and the comparatively undeveloped record in this case, the Court requires additional information to determine whether, and where, this case may proceed.  Accordingly, the Court orders the parties to submit additional briefing addressing (1) whether Stellantis has standing to proceed with its claims

3

in this case[1] and, if so, (2) whether transfer to the Central District of California under the first-to-file rule—as Defendants request, ECF No. 22—is proper given the dismissal of the first-filed case in that District. The parties shall simultaneously submit opening briefs on May 7, 2025, and responsive briefs on May 21, 2025. Opening briefs shall not exceed twenty pages, and responsive briefs shall not exceed ten pages. The Court will determine whether a hearing is necessary once all briefs have been submitted.[2]

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. The stay issued on January 28, 2025 (ECF No. 51), is **LIFTED**;

---

[1] The Court is obligated to ensure that Stellantis has standing because "[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019) (alteration in original) (internal quotation marks omitted) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)); *see Hunter v. Page County*, 102 F.4th 853, 863 (8th Cir. 2024) ("Even if the parties do not raise a jurisdictional issue, it is the court's duty to raise the issue of its own accord, or sua sponte."); *see also, e.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (internal quotation marks omitted) (citation omitted) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights."); *POET Biorefining – Hudson, LLC v. U.S. Env't Prot. Agency*, 971 F.3d 802, 805 (8th Cir. 2020) (citation omitted) ("When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.").

[2] If the parties determine during the preparation of their respective briefs that a different litigation course is appropriate, including dismissal, they are welcome to submit a joint letter or stipulation to the Court or to contact the undersigned's chambers to request a status conference.

2. The parties shall simultaneously submit briefing on the issues set forth above as follows:

    a. The parties shall submit opening briefs of no more than twenty pages on May 8, 2025;

    b. The parties shall submit responsive briefs of no more than ten pages on May 22, 2025; and

    c. No reply briefs will be authorized; and

3. Once all briefs are submitted, the Court will determine whether a hearing is necessary.

Dated: April 17, 2025　　　　　　　　　　　　*s/Laura M. Provinzino*  
　　　　　　　　　　　　　　　　　　　　　　Laura M. Provinzino  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge